UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GLENN HEGGIE, | Case No. 1:07-cv-1024 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Carmody |
| MICHIGAN DEPARTMENT OF CORRECTIONS *et al.*, | |
| Defendants. | |

**Opinion and Order**
**Sustaining in Part and Overruling in Part the Defendants' Objections;**
**Adopting in Part and Rejecting in Part the R&R;**
**Remanding to the Magistrate Judge for Further Consideration**

According to the complaint, plaintiff Glenn Heggie ("Heggie") arrived at the MDOC Receiving and Guidance Center on March 1, 2006, and informed medical personnel that he had begun to suffer seizures "in the last several months", whereupon they assigned him to a ground-level bunk and told to also request a ground-level bunk when he was transferred to another facility. On April 5, 2006, Heggie was transferred to the Lakeland Correctional Facility ("LCF"); defendant Hobbs examined Heggie and honored his request for a bottom bunk due to his reported seizures, but the next day Heggie was moved to a different unit and assigned a top bunk. Heggie complained to defendant Brecheisen, who called LCF Health Services several times over several days and received no meaningful response.

Heggie remained sleeping in a top bunk, and on May 20, 2006, he suffered a seizure and fell

out of bed, injuring his head, neck and back. Heggie was X-rayed and examined by defendants Hobbs and Sarah Hope Heebsh, P.A. ("PA Heebsh"). Heebsh observed that Heggie's pupils were extremely dilated, which she took to be a sign of head trauma, and she promised to order an MRI (magnetic resonance imaging) scan, but instead ordered only chest X-rays. For about a month, Heggie complained to LCF staff, including George Kuzma, M.D. ("Dr. Kuzma"), Hobbs, PA Heebsh, and Leas, that he was experiencing severe back pain, headaches and dizzy spells, but they refused to provide further examinations or tests. On an unspecified date during this period, Heggie took a urine test which revealed blood in the urine, which Dr. Kuzma told him could have resulted from injuries suffered in the May 20, 2006 fall out of the top bunk.

In June 2006, Heggie was transferred to Muskegon Correctional Facility ("MCF"), immediately told the MCF Health Service – including Hamilton, Cooper, Meyer, Jason Y. Kim, M.D. ("Dr. Kim"), and Daniel Spitters, P.A. ("PA Spitters") – that he had persistent chronic back pain, headaches, dizzy spells, and other neurological problems that sometimes caused him to forget who he was and where he was, but they refused to provide any medical tests or pain treatment.

In October 2007, Heggie sued the Michigan Department of Corrections ("MDOC"), Correctional Medical Services ("CMS"), and numerous employees thereof, contending that their refusal to provide appropriate medical treatment for his known serious conditions violated his Eighth Amendment to be free of cruel and unusual punishment. Defendants CMS, Dr. Kuzma, Dr. Kim, PA Heebsh, and PA Spitters moved for summary judgment on the ground that Heggie failed to exhaust his administrative remedies on his claims against them.

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and

Recommendation ("R&R"). Magistrate Judge Carmody issued the R&R on November 26, 2008. On December 10, 2008, defendants CMS, Dr. Kuzma, PA Heebsh, Dr. Kim, and PA Spitters timely filed objections to the R&R. *See* 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 and W.D. MICH. LCIVR 72.3(b) (after receiving an R&R, parties have ten days to file objections); *see also* FED. R. CIV. P. 6(a)(1) (when calculating a time period, the period does not begin until the day after the event that triggers the right or obligation) and FED. R. CIV. P. 6(a)(2) (when calculating a time period that is shorter than eleven days, the court must exclude weekends and federal holidays). The court also finds that these defendants' objections' are sufficiently specific and articulated to trigger *de novo* review of the portions of the R&R to which they have objected.[1]

For the reasons that follow, the court will sustain the defendants' objections in part and overrule them in part. This leads the court to adopt the R&R in part and reject it in part. Namely, the court determines that Heggie's claims cannot be dismissed for failure to exhaust administrative remedies. The court will remand to the Magistrate Judge, however, for consideration of the defendants' motion to dismiss for failure to state a claim on which relief can be granted as to the merits of his Eighth Amendment / section 1983 and ADA claims.

---

[1]

Under W.D. MICH. LCIVR 72.3(b), Heggie had fourteen days from service of the objections to file a response thereto. For Heggie's sake, the court assumes that he did not receive the defendants' objections until two weeks after they were mailed to him, i.e., on December 24, 2008, Christmas Eve. Under FED. R. CIV. P. 6(a)(1), the fourteen days began on the day after the defendants received the objections, i.e., on Christmas, December 25, 2008. Under FED. R. CIV. P. 6(a)(2), the fourteen-day period includes all days, including weekends and holidays. Thus, the fourteenth and final day period for Heggie to mail a response to the objections will be Friday, January 7, 2009.

The court need not wait for a response from Heggie, however, because his response could secure any outcome more favorable than the one ordered today: December 17, 2008 adopting the R&R's rejection of the defendant's exhaustion arguments, and remanding so that the Magistrate Judge can consider the merits of his claims for purposes of the defendants' motion to dismiss for failure to state a claim.

3

As the R&R notes, failure to exhaust administrative remedies is an affirmative defense which the defendants must plead and prove, *see Booth v. Henson*, 290 F. App'x 919, 920 n.2 (6th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 919 (2007)), and because the defendants bear the burden of proving Heggie's alleged failure to exhaust, they must show that no reasonable factfinder could find that he satisfied the exhaustion requirement. *See Michigan Elec. Employees Pension Fund v. Encompass Elec. & Data, Inc.*, 556 F. Supp.2d 746, 757-58 (W.D. Mich. 2008) (Paul L. Maloney, J.) (citing *Calderone v. US*, 799 F.2d 254, 259 (6th Cir. 1986) (citation omitted)).

In order to exhaust his administrative remedies, Heggie was required to comply with the prisons' grievance procedures, which includes MDOC's deadlines and other procedural rules, *LaFountain v. Martin*, 2008 WL 1923262, *11 (W.D. Mich. Apr. 28, 2008) (Paul L. Maloney, J.) (citing, *inter alia*, *Jones*, 549 U.S. at –, 127 S.Ct. at 922-23), so long as those deadlines and rules are not imposed in a way that offends the U.S. Constitution or the purposes of 28 U.S.C. § 1997e(a), *Austin v. Correctional Med. Servs., Inc.*, 2008 WL 4426342, *3 (W.D. Mich. Sept. 26, 2008) (Enslen, J.) (citing *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004)). If Heggie failed to comply with MDOC's deadlines or other procedural rules *and* prison officials actually cited that failure as the basis for denying or refusing to review his grievance, he will be deemed to have procedurally defaulted the claim. *Austin*, 2008 WL 4426342 at *3 (citing, *inter alia*, *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005)).

The defendants submitted copies of five grievances that Heggie filed between June and November 2006, and he neither argued nor presented evidence that he filed any other grievances related to these claims. Accordingly, the Magistrate Judge correctly confined the exhaustion analysis to those five grievances in the record. *See Lazarus v. Eisen*, 2008 WL 4534142, *3 (W.D. Mich. Sept.

4

30, 2008) (Wendell Miles, J.) ("Defendants have submitted copies of twelve (12) different grievances that Plaintiff filed between January and July 2007. Plaintiff has neither argued nor presented evidence that he pursued any grievances in addition to the twelve grievances on which Defendants rely. The Court shall, therefore, examine these grievances to determine which (if any) claims in Plaintiff's complaint have been properly exhausted."); *Austin*, 2008 WL 4426342 at *3 ("Defendants have submitted copies of eight different grievances that Plaintiff filed between May 2005 and January 2007. Plaintiff has also submitted, in response to the present motions, copies of an additional grievance he filed in December 2006. Plaintiff has neither argued nor presented evidence that he pursued any other grievances. The Court shall, therefore, examine these nine grievances to determine which (if any) claims in Plaintiff's Complaint have been properly exhausted.").

**Grievance Number LCF 06-06-491-12i1, filed on June 10, 2006** [document #41, Ex B] complained that "about a month ago" Heggie suffered a seizure and fell out of bed, injuring his neck and back, but "Health Care" was not providing him with adequate treatment. The court agrees with the Magistrate Judge that the defendants are not entitled to summary judgment on this grievance for failure to exhaust administrative remedies. *See* R&R at 8-10. It is undisputed that the relevant prison rule is MDOC Policy Directive 03.02.130 (the version effective Dec. 19, 2003, and not including the 2007 amendments), ¶¶ R and X. The defendants contend that this grievance is untimely because Heggie did not file a completed grievance form within five days of the attempted oral resolution, and because the form that he filed did not specifically name CMS, Dr. Kim, or PA Spitters. *See* Objections at 4-5. The defendants' objection fails, because they do not even *claim* that the prison actually relied on the untimeliness or the failure to name those three defendants as the basis for denying this grievance. *See Baker v. Vanderark*, 2007 WL 3244075, *7 (W.D. Mich. Nov. 1, 2007)

(Paul L. Maloney, J.) (because prison accepted plaintiff's grievance without rejecting it for failure to name the individuals who were the subject as required by MDOC Policy Directive, it could not raise the grievance's failure to name them as a basis for contending that the claims from that grievance should be dismissed for failure to exhaust administrative remedies); *Austin v. Correctional Med. Servs., Inc.*, 2008 WL 4426342, *3 (W.D. Mich. Sept. 26, 2008) (Enslen, J.) (citing *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005)).

The moving defendants identify no United States Supreme Court decisions or published Sixth Circuit Court of Appeals contrary to this principle, and those are the only decisions that constitute binding precedent on this court. *See Bennett v. E.F. Hutton Co., Inc.*, 597 F. Supp. 1547, 1557 (N.D. Ohio 1984) (published Sixth Circuit decision binds district courts in Michigan, Ohio, Tennessee, and Kentucky). Rather, as to Heggie's failure to name the defendants, the defendants rely only on district-court decisions, including *Allen v. Wilkinson*, 2007 WL 987307 (N.D. Ohio Mar. 30, 2007) and *VanDiver v. CMS, Inc.*, 2007 WL 2746817, *5 (W.D. Mich. Aug. 13, 2007) and *Cadogan v. Vittitow*, 2007 WL 2875464, *3 (E.D. Mich. Sept. 30, 2007). *See* Defs' Objections at 7-9. Similarly, as to the alleged untimeliness of some of Heggie's grievances, the moving defendants rely on only a district-court decision for the proposition that a prisoner's failure to file a grievance within the time required by prison policy can serve as a basis for lack-of-exhaustion dismissal even if the prison never rejected or denied the grievance on that basis. *See* Defs' Objections at 10-12 (quoting *Michowski v. Mathai*, 2007 WL 1500333, *3 (E.D. Mich. May 23, 2007) and *Reeves v. Wolever*, 2006 WL 3103258 (W.D. Mich. Oct. 31, 2006) (Bell, C.J.) and *Colston v. Cramer*, 2007 WL 1655415, *3 (E.D. Mich. Mar. 22, 2007) (Charles Binder, M.J.), *R&R adopted*, 2007 WL 1655413 (E.D. Mich. June 7, 2007)).

This court, of course, is not bound to follow the decisions of other districts, whether within

our circuit or elsewhere. *See US v. Flores*, 477 F.3d 431, 438 (6th Cir. 2007) (Richard Allen Griffin, J.) ("*Johnson* is a district court opinion and, therefore, not binding . . . ."); *Michigan Elec. Employees Pension Fund v. Encompass Elec. & Data, Inc.*, 556 F. Supp.2d 746, 761-62 (W.D. Mich. 2008) (Paul L. Maloney, J.) ("[T]his court is not bound by the district court's decision in *Weinberger Homes* . . . .") (citing *Liebisch v. HHS*, 1994 WL 108957, *2 (6th Cir. Mar. 30, 1994) ("District court opinions have persuasive value only and are not binding as a matter of law.")).[2]

This court is persuaded by the reasoning of the decisions cited by the Magistrate Judge, and this court's own prior decision in *Baker v. Vanderark*, not by the district-court decisions cited by the defendants, to the extent that they contradict *Baker*.

Moreover, two of the decisions relied on by the defendants, *Michowski v. Mathai*, 2007 WL 1500333 (E.D. Mich. May 23, 2007) (Zatkoff, J.) and *Reeves v. Wolever*, 2006 WL 3103258 (W.D. Mich. Oct. 31, 2006) (Bell, C.J.), did *not* hold that a prisoner's claim could be dismissed for failure to exhaust because the underlying grievance was untimely *where the prison never rejected or denied*

---

[2]

*See, e.g., Paycom Billings Servs. v. Payment Resources Int'l*, 212 F. Supp.2d 732, 738 (W.D. Mich. 2002) (Bell, C.J.) ("This court is not bound by a California district court opinion.");

*Hunter v. Lipps*, 2007 WL 2029043, *3 (S.D. Ohio July 10, 2007) ("[T]he district court's decision in *Garraway* . . . , although not binding on this court, is persuasive.");

*In re Dyac Corp.*, 164 B.R. 574, 580-81 (N.D. Ohio 1994) (Ann Aldrich, J.) ("The Sixth Circuit has not ruled on this issue. While this court can be guided by the decisions of the bankruptcy courts and the other district courts within this circuit, this Court is bound by none of those decisions."); *UAW Local 91 v. Park-Ohio Indus.*, 687 F. Supp. 338, 342 (N.D. Ohio 1987) (Ann Aldrich, J.) ("Of course, the decision of another district court is not binding on this Court, and is only entitled to such persuasive weight as its logic commands."), *aff'd in pt and rev'd in pt o.g.*, 876 F.2d 894, 1989 WL 63871 (6th Cir. June 15, 1989);

*Kirsch Co. v. Bliss & Laughlin Indus., Inc.*, 495 F. Supp. 488, 492 (W.D. Mich. 1980) (Enslen, J.) ("[A] district court is . . . not bound by the decision of a district court . . . .").

*the grievance on that basis.* Rather, in *Michowski*, Judge Zatkoff noted, *"the Grievance Coordinators denied all eight of Plaintiff's grievances as untimely* at all three steps. Consequently, it cannot be said that Plaintiff's untimeliness was waived." *Michowski*, 2007 WL 1500333 at *3 (emphasis added). Likewise, in *Reeves*, Chief Judge Bell wrote, "Because his grievances were not timely filed *and were rejected by the prison as untimely*, the claims were not 'properly exhausted' under *Woodford*, 126 S.Ct. at 2393." *Reeves*, 2006 WL 3103258 at *1. (emphasis added). Here, by contrast, the prison did not reject or deny Heggie's grievances as untimely, which readily distinguishes *Michowski* and *Reeves*.

Therefore the court agrees with the Magistrate Judge that failure to exhaust administrative remedies is not a basis for preventing Heggie from pursuing his claim that the moving defendants failed to provide him with necessary medical care from May 20 through June 20, 2006.

The court intimates no opinion as to the Magistrate Judge's other comments regarding this grievance. *See* R&R at 9 (stating that Grievance Number LCF 06-06-491-12iL's allegation that "Health Care" was refusing to provide adequate medical treatment "is more than sufficient to put on notice any and all individuals and entities involved with providing health care to prisoners at MCF").

**With regard to Grievance Number LCF 06-07-599-28a and Grievance Number LCF 06-07-598-28a, both filed on July 19, 2006** [Document #41, Exs C & D], the Magistrate Judge correctly found that they are duplicative of Grievance Number LCF 06-06-491-12iL and thus do nothing to affect the analysis as to whether Heggie exhausted administrative remedies for the instant claims. *See* R&R at 10-11. Of course the defendants agree. *See* Objections at 4.

The court intimates no opinion on the Magistrate Judge's other comments or the movants' other arguments regarding these two grievances. *See* R&R at 10 (stating that Grievance No. LCF 06-

07-599-28a "was not pursued in accordance with the MDOC's established guidelines") and R&R at 10-11 (stating that Grievance No. LCF 06-07-598-28a "was not pursued in accordance with the MDOC's established guidelines").

**In Grievance Number LCF 06-11-00871-12z, filed on November 26, 2006** [document #41, Ex E], Heggie complained that after his transfer to MCF on June 20, 2006, the "health service", Dr. Kim, defendant Whalen, and two other individuals denied him necessary medical treatment for the injuries suffered from the fall from his upper bunk. The moving defendants contended that this grievance was not properly exhausted because it was untimely and impermissibly vague, but the Magistrate Judge correctly concludes that the movants cannot raise this as a basis for failure-to-exhaust dismissal because the prison did not reject or deny the grievance on either of those grounds. *See* R&R at 11; *see also Baker v. Vanderark*, 2007 WL 3244075, *7 (W.D. Mich. Nov. 1, 2007) (Paul L. Maloney, J.) (because prison accepted plaintiff's grievance without rejecting it for failure to name the individuals who were the subject as required by MDOC Policy Directive, it could not raise the grievance's failure to name them as a basis for contending that the claims from that grievance should be dismissed for failure to exhaust administrative remedies); *Austin v. Correctional Med. Servs., Inc.*, 2008 WL 4426342, *3 (W.D. Mich. Sept. 26, 2008) (Enslen, J.) (citing *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005)). The defendants make the same argument, and again muster no binding precedent, in their objection on this grievance as in their objection to the grievance above. *See* Defs' Objections at 12-15. The court will overrule this objection for the same reason.

The court intimates no opinion as to the Magistrate Judge's other comments regarding this grievance. *See* R&R at 11-12 (stating that Grievance Number LCF 06-11-00871-12z's allegation that "Health Care" was refusing to provide adequate medical treatment "is more than sufficient to put on

9

notice any and all individuals and entities involved with providing health care to prisoners at MCF").

**In Grievance Number MCF-06-08-00586-12f, filed August 8, 2006**, Heggie complained that he was not receiving adequate medical treatment at Muskegon for the injuries he suffered after his fall out of the top bunk on May 20, 2006. The defendants seek to dismiss the claim relating to this grievance on the grounds that the grievance was untimely, and on the grounds that it did not name any person or entity, instead referring generally only to doctors, nurses, and physician's assistants. But Heggie pursued this grievance through all three steps, and the prison denied it on the merits, never citing untimeliness or vagueness / failure to name the pertinent individuals as grounds for rejecting or denying the grievance. The defendants' objection on this score will be overruled for the same reasons discussed above with regard to other grievances. *See* R&R at 12-13; Defs' Objections at 12-15.

**Finally, the defendants object that the Magistrate Judge failed to consider their arguments that Heggie failed to state a claim upon which relief can be granted on the merits of his Eighth Amendment / 42 U.S.C. § 1983 and ADA claims.** *See* Defs' Objections at 15-18 (failure to state a claim against Dr. Kuzma, Dr. Kim, PA Spitters, and PA Heebsh) and Defs' Objections at 18-22 (failure to state a claim against CMS). The court agrees with the defendants that they raised and adequately developed these arguments in their motion to dismiss, *see* MTD at 8-11 and Defs' Reply at 1-3 (ADA) and 4-5 (Eighth Amendment / 42 U.S.C. § 1983), and that the R&R did not address them. The court will sustain this objection only, and remand for the Magistrate Judge to prepare an R&R on that portion of the motion to dismiss.

**ORDER**

Accordingly, having reviewed the parties' briefs on the motion to dismiss, the R&R, and the

defendants' timely objection to the R&R, the court hereby:

**OVERRULES** defendants' objections as to their motion to dismiss for failure to exhaust administrative remedies**;**

**SUSTAINS** defendants' objections as to their motion to dismiss for failure to state a claim on the merits of Heggie's Eighth Amendment / 42 U.S.C. § 1983 claims and his ADA claims;

**ADOPTS** the R&R's recommendation that Heggie's complaint shall **not** be dismissed for failure to exhaust administrative remedies, and **DENIES** that portion of the motion to dismiss which seeks dismissal on that ground [document #87-1];

**REMANDS** to the Magistrate Judge for preparation of an R&R on that portion of the motion to dismiss which seeks dismissal on the ground that Heggie fails to state a claim on the merits [document #87-2].

The first portion of these defendants' motion to dismiss has been denied.

The second portion of these defendants' motion to dismiss remains pending.

All these defendants remain in the case for the time being.

This is not a final and appealable order.

**IT IS SO ORDERED this 5th day of January, 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge