UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GLENN HEGGIE,

                Plaintiff,                                        Hon. Paul L. Maloney

v.                                                                              Case No. 1:07 CV 1024

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

                Defendants.
_____/


## REPORT AND RECOMMENDATION

      This matter is before the Court on Defendants Correctional Medical Services, Inc.;
George Kuzma, M.D.; Sarah Hope Heebsh, P.A.; Jason Y. Kim, M.D.; and Daniel Spitters, P.A.'s
Motion to Dismiss Pursuant to Fed. R. Civ. 12(b)(6), (dkt. #41), and Defendants MDOC, Lange, Hobbs,
Leas, Meyer, Hamilton, Cooper, Whalen, and Brecheisen's Motion for Summary Judgment. (Dkt. #51).
Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion to dismiss,
(dkt. #41), be **granted in part and denied in part**, and Defendants' motion for summary judgment,
(dkt. #51), be **granted in part and denied in part**.


## BACKGROUND

      The following allegations are contained in Plaintiff's complaint.  On or about March 1,
2006, Plaintiff arrived at the Michigan Department of Corrections Receiving and Guidance Center, in
Jackson, Michigan, to begin serving his sentence.  Upon his arrival, Plaintiff informed medical personnel

that he had begun to suffer seizures "in the last several months." Plaintiff was given a bottom bunk and instructed to request a bottom bunk "when he transferred to another facility."

On or about April 5, 2006, Plaintiff was transferred to the Lakeland Correctional Facility (LCF). Upon his arrival at LCF, Plaintiff was examined by Defendant Hobbs. Plaintiff informed Hobbs "that he needed a bottom bunk because he has seizures." After reviewing Plaintiff's medical records, Hobbs "made arrangements and a bottom bunk was issued to" Plaintiff.

The following day, however, Plaintiff was moved to a different housing unit within LCF where he was assigned a top bunk. Plaintiff reported to Defendant Brecheisen that he required a bottom bunk because he suffers seizures. Brecheisen told Plaintiff that "he would call health service" about the matter. Over the "next couple of days," Brecheisen made "several phone calls" to LCF health services, which informed Brecheisen that "they will look into it and call back." Health services never called back and Plaintiff was forced to sleep in a top bunk.

On or about May 20, 2006, Plaintiff suffered a seizure and fell out of his top bunk, injuring his head, neck, and back. Plaintiff was taken to a hospital where x-rays were taken. After returning to LCF, he was examined by Defendants Hobbs and Heebsh. Defendant Heebsh observed that Plaintiff's eyes "were extremely dilated," a sign of head trauma. Heebsh told Plaintiff that she would order an MRI examination. However, rather than order an MRI examination, Defendant Heebsh "ordered chest x-rays."

For "the next month or so," Plaintiff "complained to several (LCF) health service staff members" (including Defendants Kuzma, Hobbs, Heebsh, and Leas) that he was experiencing "extreme back pain and discomfort, head aches, and dizzy spells." Despite his numerous requests to obtain medical treatment, "(LCF) health service" refused to provide Plaintiff "with any further exams to find

the cause of his pain and suffering." Health service also failed to provide Plaintiff with "any effective relief" from his pain. At an unspecified date, Plaintiff participated in a urine test, the results of which revealed the presence of blood. Defendant Kuzma informed Plaintiff that such could have resulted from injuries suffered in his May 20, 2006 fall out of bed.

On or about June 19, 2006, Plaintiff was transferred to the Muskegon Correctional Facility (MCF). After arriving at MCF, Plaintiff complained to "(MCF) health service" (including Defendants Kim, Meyer, Hamilton, Cooper, and Spitters) that he was experiencing "chronic and persistent back pain," as well as "headaches, dizzy spells and many other neurological problems to the extent that at times the plaintiff would sometimes briefly forget who and where he was." Despite his many complaints, "(MCF) health service" has refused to treat Plaintiff's pain or provide him with any medical testing. Plaintiff asserts that as a result of falling out of bed on May 20, 2006, he has suffered permanent neurological damage.

Plaintiff initiated this action on October 10, 2007, against number individuals, as well as the Michigan Department of Corrections (MDOC) and Correctional Medical Services (CMS). Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Simply put, Plaintiff asserts that after suffering a seizure and falling from his bed on May 20, 2006, Defendants have not provided him with appropriate medical treatment. Plaintiff seeks declaratory, injunctive, and monetary relief. Defendants MDOC, Lange, Hobbs, Leas, Meyer, Hamilton, Cooper, Whalen, and Brecheisen (hereinafter referred to collectively as the "MDOC Defendants") move for summary judgment. Defendants Correctional Medical Services (CMS), Kuzma, Heebsh, Kim, and Spitters (hereinafter referred to collectively as the "CMS Defendants") move to dismiss Plaintiff's claims on the ground that such fail to state a claim on which relief may be granted.

## RELEVANT LEGAL STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all Plaintiff's allegations and construe the complaint liberally in his favor.  *See Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000).  Furthermore, complaints filed by pro se plaintiffs are held to an "especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery."  *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."  *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324).  While the Court must view the evidence in the light most favorable to the nonmoving

party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

I.        **Plaintiff's Claims Against the CMS Defendants**

The CMS Defendants move to dismiss Plaintiff's claims on the grounds that such have not been properly exhausted and that such claims (even if properly exhausted) fail to state a claim on which relief may be granted. The undersigned previously addressed Defendants' exhaustion claims in

a November 26, 2008 Report which recommended that Plaintiff properly grieved the following claims against the CMS Defendants: (1) that from May 20, 2006, through June 10, 2006, Defendants failed to provide Plaintiff with necessary and appropriate medical care; (2) that from June 19, 2006, through November 26, 2006, Defendants failed to provide Plaintiff with necessary and appropriate medical care; and (3) that from June 19, 2006, through August 8, 2006, Defendants failed to provide Plaintiff with necessary and appropriate medical care.[1] (Dkt. #85). The Honorable Paul L. Maloney adopted these recommendations, but remanded the matter for consideration of Defendants' claim that Plaintiff has failed to state a claim upon which relief may be granted. (Dkt. #88).

A. Defendant Correctional Medical Services

Plaintiff has named Correctional Medical Services, Inc. (CMS) as a defendant in this matter. CMS moves for the dismissal of Plaintiff's claims. Plaintiff has failed to assert any allegations of wrongdoing against CMS itself. Instead, it appears that Plaintiff has named CMS as a defendant in this matter simply because it employs some of the individual defendants.

CMS is not vicariously liable for the actions of its employees. *See Street v. Corr. Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996) ("A defendant cannot be held liable under section 1983 on a respondent superior or vicarious liability basis") (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)); *see also*, *Starcher v. Correctional Medical Systems, Inc.*, 7 Fed. Appx. 459, 465 (6th Cir., Mar. 26, 2001). To establish liability against CMS, Plaintiff must demonstrate that CMS had a "policy,

---

[1] The overlap in these groups of dates is the result of Plaintiff having submitted multiple grievances regarding occurrences at multiple facilities.

practice or custom that resulted in the injury." *Moreno v. Metropolitan General Hospital*, 210 F.3d 372, 2000 WL 353537 at *2 (6th Cir., Mar. 28, 2000); *see also*, *Starcher*, 7 Fed. Appx. at 465.

Plaintiff has not claimed that his alleged injuries were caused by any policy, practice, or custom implemented by CMS. Accordingly, the undersigned recommends that Plaintiff's claims against Correctional Medical Services be dismissed.

### B.    Defendant Kuzma

In his complaint, Plaintiff asserts that he "complained to several (LCF) health service staff members," including Defendant Kuzma that he was "suffering from extreme back pain and discomfort, head aches, and dizzy spells."  (Dkt. #1 at ¶ 19).  Plaintiff asserts that "(LCF) health service neglected to provide the plaintiff with any further exams to find the cause of his pain and suffering."  Plaintiff further asserts that "(LCF) health service neglected to provide the plaintiff with any effective relief from such pain, forcing the plaintiff to suffer pain amounting to 'unnecessary and wanton infliction of pain' needlessly when relief was readily available."  *Id.*  Plaintiff asserts that Defendant's conduct constitutes "deliberate indifference" to his medical needs in violation of the Eighth Amendment.  (Dkt. #1 at ¶¶ 30-31).

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976).  Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate

indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which Defendant's conduct is evaluated consists of two-steps.  First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious.  In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.  If the objective test is met, the Court must then determine whether the officials possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that Defendant "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

Defendant Kuzma (as well as the other individual CMS Defendants) argue that Plaintiff's complaint lacks specificity and demonstrates that Plaintiff is simply dissatisfied with the treatment he received.  The Court agrees that to the extent Plaintiff merely disagrees with the treatment Defendants provided or asserts that he received negligent care, such fails to state a claim upon which relief may be granted. *See, e.g., Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000)

(citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment).  Moreover, while the Court agrees that Plaintiff's complaint is not a model of clarity or specificity, it satisfies the notice pleading requirement of Federal Rule of Civil Procedure 8.  The Court observes that to the extent that Defendants find Plaintiff's complaint lacking factual specificity, they could have filed a motion for more definite statement.  *See* Fed. R. Civ. P. 12(e).

        While Defendant Kuzma's interpretation of Plaintiff's complaint is not implausible, it is also the result of construing the claims therein liberally in his favor.  As previously noted, however, in evaluating Defendants' motion to dismiss the Court must accept Plaintiff's allegations as true and construe the complaint liberally in his favor.  The Court notes that Plaintiff has alleged that he experienced serious neurological symptoms, as well as permanent neurological injuries, that Defendants and other prison officials failed to properly treat.  When Plaintiff's allegations are interpreted pursuant to the relevant standard, the Court cannot conclude that Plaintiff will be unable to establish facts in support of his claim that would entitle him to relief.  For example, if Plaintiff can demonstrate that during the relevant time period his injuries or symptoms were so severe (and so obvious) that Defendant Kuzma knew that his treatment decisions constituted an excessive risk to Plaintiff's health or safety, Plaintiff would be entitled to relief.  Plaintiff may ultimately be unable to make such a showing, but at this juncture Defendant Kuzma has failed to demonstrate that Plaintiff cannot do so.  Accordingly, the undersigned recommends that Defendant Kuzma's motion to dismiss be denied.

C.      Defendant Heebsh

In his complaint, Plaintiff asserts that he "complained to several (LCF) health service staff members," including Defendant Heebsh that he was "suffering from extreme back pain and discomfort, head aches, and dizzy spells." (Dkt. #1 at ¶ 19). Plaintiff asserts that "(LCF) health service neglected to provide the plaintiff with any further exams to find the cause of his pain and suffering." Plaintiff further asserts that "(LCF) health service neglected to provide the plaintiff with any effective relief from such pain, forcing the plaintiff to suffer pain amounting to 'unnecessary and wanton infliction of pain' needlessly when relief was readily available." *Id.* Plaintiff asserts that Defendant's conduct constitutes "deliberate indifference" to his medical needs in violation of the Eighth Amendment. (Dkt. #1 at ¶¶ 30-31). This particular claim is identical to that advanced against Defendant Kuzma. The undersigned recommends, therefore, that Defendant Heebsh's motion to dismiss be denied with respect to this claim for the same reasons articulated immediately above.

Plaintiff further asserts that on an unspecified date, Defendant Heebsh "stated that she was going to order a M.R.I. to be done on the plaintiff, however instead of a M.R.I. [Defendant] Heebsh ordered chest x-rays." (Dkt. #1 at ¶ 18). Plaintiff asserts that Defendant's conduct constitutes "deliberate indifference" to his medical needs in violation of the Eighth Amendment. (Dkt. #1 at ¶¶ 30-31). The Court finds that this allegation asserts at most a claim of negligence or malpractice. As Plaintiff alleges, Defendant Heebsh provided him with treatment (x-rays), but Plaintiff simply disagrees with the treatment provided. While the previously discussed claim concerns Plaintiff's allegation that Defendant *denied* him medical treatment, this claim asserts merely that Plaintiff disagreed with the treatment he received. As previously noted, such fails to state a claim on which relief may be granted.

Accordingly, the undersigned recommends that Defendant Heebsh's motion to dismiss be granted as to this particular claim.

        D.      Defendants Kim and Spitters

In his complaint, Plaintiff asserts that "he complained to the (MCF) health service," including Defendants Kim and Spitters, "that he is suffering from chronic and persistent back pain" as well as "headaches, dizzy spells and many other neurological problems." (Dkt. #1 at ¶ 22). Plaintiff alleges that "(MCF) health service has neglected to provide the plaintiff with any medical testing." (Dkt. #1 at ¶ 23). Plaintiff asserts that Defendants' conduct constitutes "deliberate indifference" to his medical needs in violation of the Eighth Amendment. (Dkt. #1 at ¶¶ 30-31).

Considering Plaintiff's allegations concerning the nature and extent of his injuries, as well as the requirement that Plaintiff's complaint be interpreted liberally in his favor, the Court concludes that dismissal of this claim is inappropriate at this juncture. While Defendants may ultimately prevail in this matter, if Plaintiff can demonstrate that his injuries or symptoms were so severe (and so obvious) that Defendants knew that failure to conduct appropriate testing constituted an excessive risk to Plaintiff's health or safety, Plaintiff would be entitled to relief. The Court recognizes that Plaintiff may have a difficult time establishing such. Nonetheless, Defendants have thus far failed to establish that Plaintiff cannot do so. The undersigned recommends, therefore, that Defendant Kim's and Defendant Spitter's motion to dismiss be denied as to this particular claim.

Plaintiff also asserts that Defendants Kim and Spitters "have known of the extent of the plaintiffs (sic) pain, have known that the course of treatment is largely ineffective and have refused to do anything to remedy it." (Dkt. #1 at 25). Plaintiff asserts that Defendant's conduct constitutes

"deliberate indifference" to his medical needs in violation of the Eighth Amendment. (Dkt. #1 at ¶¶ 30-31). Unlike the claim discussed above, in which Plaintiff alleges that he was *denied* treatment, in this claim Plaintiff alleges that he received treatment from Defendants, but that such was simply "ineffective." As previously noted, such fails to state a claim. Accordingly, the undersigned recommends that Defendant Kim's and Defendant Spitter's motion to dismiss be granted as to this particular claim.

Finally, Plaintiff asserts that Defendant Spitters has not "made any attempt's (sic) to find the cause of the plaintiffs (sic) back pain." (Dkt. #1 at ¶ 17). Plaintiff asserts that Defendant's conduct constitutes "deliberate indifference" to his medical needs in violation of the Eighth Amendment. (Dkt. #1 at ¶¶ 30-31). Again, while not long on specifics, this claim alleges that Defendant Spitters *denied* Plaintiff treatment. While Defendant Spitters may be able to ultimately demonstrate that his treatment decisions were reasonable or proper, for the reasons discussed above, the Court concludes that dismissal of this particular claim is not appropriate at this juncture. The undersigned recommends, therefore, that Defendant Spitter's motion to dismiss be denied as to this particular claim.

In sum, for the reasons articulated herein, the undersigned recommends that the motion to dismiss for failure to state a claim brought by Defendants CMS, Kuzma, Heebsh, Kim, and Spitters be granted in part and denied in part as specified herein.[2]

---

[2] As noted above, the Honorable Paul L. Maloney has already determined that Plaintiff has properly exhausted his claims as to certain defined time periods only. It is not clear from Plaintiff's complaint whether the claims which the undersigned recommends go forward fit within these particular time frames. It is likewise not apparent from Plaintiff's complaint that the claims in question do not fit within the relevant time periods. Moreover, Defendants have thus far failed to demonstrate that the claims in question have not been properly exhausted.

E.      Americans with Disabilities Act

In his Order remanding the matter to this Court, Chief Judge Maloney directed the undersigned to determine whether Plaintiff's complaint stated a claim against the CMS Defendants for violation of the Eighth Amendment as well as the Americans with Disabilities Act (ADA).

While Plaintiff explicitly makes reference to the Eighth Amendment in his complaint, he makes absolutely no mention therein of the ADA. Moreover, even interpreted liberally, the Court finds no basis in Plaintiff's complaint to conclude that he has by inference asserted any claim under the ADA. To the extent, however, that Plaintiff's complaint is interpreted as implicating the ADA, the undersigned recommends that any such claims be dismissed.

Title II of the Americans with Disabilities Act (ADA) provides that "no qualified individual with a disability shall by reason of such disability be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Jones v. City of Monroe, Michigan*, 341 F.3d 474, 477 (6th Cir. 2003) (quoting 42 U.S.C. § 12132). The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices. . .meets the essential eligibility requirements for receipt of services or the participation in programs or activities provided by a public entity." *Jones*, 341 F.3d at 477 (quoting 42 U.S.C. § 12131).

As is well recognized, the ADA applies to state prisoners. *See McKinley v. Bowlen*, 2001 WL 493394 at *1 (6th Cir., May 1, 2001) (*citing Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998)). However, the ADA does not impose liability upon individuals. *See Lee v. Michigan Parole Board*, 2004 WL 1532563 at *1 (6th Cir., June 23, 2004); *VanderMolen v. City of Roosevelt*

*Park*, 1997 WL 853505 at *1 (W.D. Mich., Oct. 28, 1997). Thus, a prisoner may not pursue an ADA claim for damages against an individual defendant in her personal capacity.

This limitation does not, however, prevent a prisoner from seeking injunctive relief under the ADA against an individual defendant in her official capacity. *See Miller v. King*, 384 F.3d 1248, 1263-65 (11th Cir. 2004) ("the Eleventh Amendment does not bar ADA suits under Title II for prospective injunctive relief against state officials in their official capacities"); *Henrietta v. Bloomberg*, 331 F.3d 261, 287-88 (2d Cir. 2003) (a state official sued in his official capacity for prospective injunctive relief is a "public entity" under the ADA because "the real party in interest in an official capacity suit is the government entity").

To make out a prima facie case of discrimination under Title II of the ADA, Plaintiff must establish the following: (1) he has a disability, (2) he is otherwise qualified, and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of his disability. *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005). Plaintiff has failed to allege facts in his complaint (or elsewhere) sufficient to satisfy this standard. Accordingly, the undersigned recommends that to the extent Plaintiff's complaint is interpreted as asserting a claim under the ADA, such claims be dismissed.

II.        **Plaintiff's Claims Against the MDOC Defendants**

A.        Michigan Department of Corrections

Plaintiff has sued the Michigan Department of Corrections (MDOC). The MDOC is not a person under 42 U.S.C. § 1983 and, furthermore, enjoys immunity from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Hamilton's Bogarts,*

*Inc. v. Michigan*, 501 F.3d 644, 654 n.8 (6th Cir. 2007). Accordingly, the undersigned recommends that Plaintiff's claims against the MDOC be dismissed.


      B.     Defendant Hobbs

      In his complaint, Plaintiff asserts that "for the next month or so" following his May 20, 2006 injury, he "complained to several (LCF) health service staff members," one of whom was Defendant Hobbs, that he was suffering "extreme back pain and discomfort, head aches, and dizzy spells." (Dkt. #1 at ¶ 19). According to Plaintiff, despite his many complaints, "(LCF) health service" failed to provide him with adequate medical care. *Id.* Plaintiff asserts that Defendant's conduct constitutes "deliberate indifference" to his medical needs in violation of the Eighth Amendment. (Dkt. #1 at ¶¶ 30-31).

      Defendant Hobbs moves for summary judgment on the ground that she lacked "personal involvement" in the events giving rise to Plaintiff's complaint. The Court is unpersuaded. Plaintiff asserts that he requested medical care from Defendant Hobbs and that Defendant Hobbs failed to provide him with treatment. Defendant Hobbs has submitted no evidence indicating that she was not involved in Plaintiff's care or the events giving rise to this action.

      Defendant also claims that she is entitled to summary judgment because "mere disagreement over the course of care prescribed" does not implicate the Eighth Amendment. Plaintiff has not alleged that Defendant Hobbs provided treatment and that he simply disagrees with such or finds such treatment to have been negligent. Plaintiff instead asserts that Defendant Hobbs did nothing in response to his repeated requests for medical treatment. Defendant has submitted no evidence that entitles her to summary judgment on this basis. Defendant may ultimately be able to establish that the

treatment Plaintiff received was appropriate to the severity of his condition, but she has to this point failed to submit any evidence that such is the case.  Accordingly, the undersigned recommends that Defendant Hobbs' motion for summary judgment be denied.[3]

C.      Defendant Brecheisen

In his complaint, Plaintiff asserts that on or about April 6, 2006, he was moved to a different housing unit and assigned a top bunk.  (Dkt. #1 at ¶ 10).  Plaintiff reported to Defendant Brecheisen that he required a bottom bunk because he suffers seizures.  Brecheisen told Plaintiff that "he would call health service" about the matter.  *Id.*  Over the "next couple of days," Brecheisen made "several phone calls" to LCF health services, which informed Brecheisen that "they will look into it and call back."  (Dkt. #1 at ¶ 11).  Plaintiff alleges that Brecheisen also "informed the assistant resident unit supervisor" of his "situation."  (Dkt. #1 at ¶ 12).  Plaintiff asserts that health services never called back and he was forced to sleep in a top bunk.  (Dkt. #1 at ¶ 11).  Plaintiff asserts that Defendant's conduct constitutes "deliberate indifference" to his medical needs in violation of the Eighth Amendment.  (Dkt. #1 at ¶¶ 30-31).

Defendant asserts that he is entitled to summary judgment, but has failed to submit evidence demonstrating the right to such relief.  In his affidavit, Defendant merely asserts that he does not recall the events alleged in Plaintiff's complaint, but would have contacted "Health Services" if Plaintiff had approached him regarding "his concerns."  (Dkt. #52, Exhibit B).  Such evidence hardly

---

[3]  The Court likewise finds that Defendant Hobbs is not entitled to qualified immunity as a reasonable person would have understood that Plaintiff's allegations state a claim for constitutional violation.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976); *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).*Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001).

entitles Defendant to summary judgment.  Nonetheless, the undersigned finds that Defendant is entitled to the dismissal of Plaintiff's claims as such fail to state a claim upon which relief may be granted.

Plaintiff alleges that when approached about his request to sleep in a lower bunk that Defendant Brecheisen made "several phone calls" to health services and also "informed the assistant resident unit supervisor" of Plaintiff's request.  Brecheisen's alleged actions do not demonstrate deliberate indifference.  At most, Plaintiff's allegations demonstrate negligence by Brecheisen or disagreement by Plaintiff concerning the "treatment" Brecheisen provided.  As previously noted, such fails to state a claim on which relief may be granted.  The undersigned recommends, therefore, that Plaintiff's claim against Defendant Brecheisen be dismissed.

Before addressing the remaining aspects of Defendants' motion for summary judgment, the Court must address an issue raised by Plaintiff's response to the present motion and Defendants' interpretation thereof.

In response to Defendants' motion for summary judgment, Plaintiff stated that he "does not contest. . .the dismissal of" Defendants Lange, Whalen, Leas, Meyer, Cooper, and Hamilton.  (Dkt. #65 at 11).  Defendants appear to have interpreted this statement as constituting Plaintiff's concession to their motion for summary judgment.  The Court is not persuaded that Plaintiff's statement should be so interpreted.

There is a distinction between agreeing to dismiss a defendant and conceding that a defendant is entitled to summary judgment.  While Plaintiff's statement can fairly be interpreted as agreeing to the dismissal of these Defendants, it does not concede the merits of Defendants' motion for summary judgment.  The Court declines to interpret Plaintiff's statement in a manner inconsistent with his pro se status.  This distinction is moot as to Defendants Lange, Whalen, and Hamilton, as the

undersigned recommends that these Defendants are entitled to summary judgment.  As to Defendants Leas, Meyer, and Cooper, the undersigned finds that summary judgment is inappropriate, but, in light of Plaintiff's statement, recommends that the claims against these Defendants be dismissed without prejudice.

D.      Defendants Lange and Whalen

While Defendants Lange and Whalen are named as defendants in this matter, Plaintiff has asserted no allegations against these defendants in his complaint.  Moreover, in his response to the present motion, Plaintiff has submitted no evidence suggesting that Defendants Lange or Whalen were involved in any of the events giving rise to this action.

Liability in a § 1983 action cannot be based upon a theory of respondeat superior or vicarious liability, as Plaintiff must instead allege personal involvement by a particular defendant.  *See Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (liability is not to be found in passive behavior or an alleged failure to act, rather liability must be based upon "active unconstitutional behavior"); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998); *Street v. Corrections Corp. of America*, 102 F.3d 810, 817-18 (6th Cir. 1996).

Plaintiff has failed to assert facts which establish personal involvement by Defendants Lange and Whalen in any alleged wrongdoing.  Accordingly, the undersigned recommends that Defendants Lange and Whalen are entitled to summary judgment.

E.      Plaintiff's Claims Against Defendants Leas, Meyer, and Cooper

In his complaint, Plaintiff asserts that "for the next month or so" following his May 20, 2006 injury, he "complained to several (LCF) health service staff members," one of whom was Defendant Leas, that he was suffering "extreme back pain and discomfort, head aches, and dizzy spells." (Dkt. #1 at ¶ 19).  According to Plaintiff, despite his many complaints, "(LCF) health service" failed to provide him with adequate medical care.  *Id.*  Plaintiff further alleges in his complaint that following his June 19, 2006 transfer to MCF, he began complaining to members of "(MCF) health service," including Defendants Meyer and Cooper, that he was suffering "chronic and persistent back. . .headaches, dizzy spells and many other neurological problems."  (Dkt. #1 at ¶¶ 21-22).  Plaintiff alleges that despite his complaints of pain and suffering, "(MCF) health service" likewise failed to provide him with adequate health care.  (Dkt. #1 at ¶ 23).  Plaintiff asserts that Defendants' conduct constitutes "deliberate indifference" to his medical needs in violation of the Eighth Amendment.  (Dkt. #1 at ¶¶ 30-31).

Defendants Leas, Meyer, and Cooper move for summary judgment on the ground that Plaintiff has failed to demonstrate that they "were personally involved in prescribing his medications or accommodations."  Defendants further assert that they are entitled to summary judgment because "mere disagreement over the course of care prescribed" does not implicate the Eighth Amendment.  The Court disagrees and recommends that these particular Defendants are not entitled to summary judgment.

The assertion by Defendants Leas, Meyer, and Cooper that they are entitled to relief because they were not "personally involved" in prescribing Plaintiff's "medications or accommodations" reflects a misunderstanding of the claims articulated in Plaintiff's complaint.  Plaintiff does not allege that these Defendants simply failed to prescribe medications or secure a requested accommodation.

Plaintiff's claim is much broader, as he alleges that these Defendants did nothing in response to his repeated requests for medical treatment.

Defendants Leas and Meyer have submitted affidavits in which they assert that they are not authorized to prescribe medications or supercede a physician's treatment instructions.[4]  (Dkt. #52, Exhibits D and E).  Significantly, Defendants Leas and Meyer have not asserted in their affidavits that they were not involved in Plaintiff's care, only that they were not authorized to prescribe medications or supercede a physician's treatment instructions.

While Defendants may be correct that they lack the authority to prescribe medications or supercede a physician's treatment directives, such does not prevent them from providing medical care in the innumerable ways that do not involve prescribing medication or a special accommodation.  To argue that a nurse is not liable under the Eighth Amendment for allegedly taking no action in response to an inmate's repeated requests for medical treatment simply because a nurse is not authorized to prescribe medication or an accommodation demonstrates a fundamental misconception of the Eighth Amendment.  By Defendants' logic, the only individuals who can be held liable under the Eighth Amendment for failing to provide medical care are those care providers authorized by the State to prescribe medication or authorize an accommodation.  Defendants cite to no authority in support of this interpretation of the Eighth Amendment.

As to Defendants' argument that they are entitled to relief because Plaintiff merely disagrees with the treatment that he received, the Court is unpersuaded.  As noted previously, Defendants are correct that to the extent that Plaintiff merely disagrees with the treatment he received or asserts that

---

[4]  Defendant Cooper has failed to submit an affidavit (or any other evidence) in support of his motion for summary judgment.

he received negligent care, summary judgment is appropriate.  However, Defendants have failed to present evidence demonstrating that they are entitled to summary judgment on this basis.  While Defendants may eventually be able to prove that the treatment Plaintiff received was appropriate to the severity of his condition, they have failed thus far to submit any evidence that such is the case.

In sum, the Court concludes that Defendants Leas, Meyer, and Cooper are not entitled to summary judgment because they have failed to present evidence refuting Plaintiff's claim that they did nothing when Plaintiff requested medical treatment from them.[5]  However, for the reasons discussed above, the undersigned recommends that Plaintiff's claims against these Defendants be dismissed without prejudice.

F.      Defendant Hamilton

In his complaint, Plaintiff alleges that following his June 19, 2006 transfer to MCF, he began complaining to members of "(MCF) health service," including Defendant Hamilton, that he was suffering "chronic and persistent back. . .headaches, dizzy spells and many other neurological problems." (Dkt. #1 at ¶¶ 21-22).  Plaintiff alleges that despite his complaints of pain and suffering, "(MCF) health service" likewise failed to provide him with adequate health care.  (Dkt. #1 at ¶ 23).  Plaintiff asserts that Defendant's conduct constitutes "deliberate indifference" to his medical needs in violation of the Eighth Amendment.  (Dkt. #1 at ¶¶ 30-31).

Defendant Hamilton moves for summary judgment on the ground that Plaintiff has failed to demonstrate that she was "personally involved in prescribing his medications or accommodations."

_____

[5]  The Court likewise finds that Defendants Leas, Meyer, and Cooper are not entitled to qualified immunity as a reasonable person would have understood that Plaintiff's allegations state a claim for constitutional violation.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976); *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).*Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001).

Defendant also argues that she is entitled to summary judgment because "mere disagreement over the course of care prescribed" does not implicate the Eighth Amendment.  In support of her motion, Defendant Hamilton has submitted a lengthy and detailed affidavit, including copies of portions of Plaintiff's medical records.  (Dkt. #52, Exhibit C).  The evidence submitted by Defendant Hamilton establishes that she was not deliberately indifferent to Plaintiff's serious medical needs.  Plaintiff has submitted no evidence to refute Defendant Hamilton's assertions.  Accordingly, the undersigned recommends that Defendant Hamilton is entitled to summary judgment.

      G.     Eleventh Amendment Immunity

In his complaint, Plaintiff states that he is suing Defendants in both their personal and official capacities.  Defendants Lange, Hobbs, Leas, Meyer, Hamilton, Cooper, Whalen, and Brecheisen assert that they are entitled to immunity under the Eleventh Amendment as to those claims asserted against them in their official capacity.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend XI.  This provision has long been interpreted as precluding "federal jurisdiction over suits against nonconsenting States."  *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000).  Accordingly, the Eleventh Amendment generally precludes federal court actions against a State unless that state has waived its sovereign immunity or consented to suit in federal court.  *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)).  The Court notes that the State of Michigan "has not consented to being sued

in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). An action asserted against a State official in his official capacity is considered an action against the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

An exception to this general rule exists, however, for claims seeking prospective injunctive or declaratory (non-monetary) relief compelling a state official (in his official capacity) to comply with federal law. *See Ex Parte Young*, 209 U.S. 123 (1908); *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507-08 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). In this matter, Plaintiff seeks declaratory, injunctive, and monetary relief.

To the extent that Plaintiff seeks monetary relief against Defendants in their official capacity, the Court finds that they are entitled to immunity under the Eleventh Amendment. The Court further finds, however, that to the extent Plaintiff seeks prospective declaratory and injunctive relief, these Defendants are not entitled to Eleventh Amendment immunity. Accordingly, the Court recommends that Plaintiff's claims for monetary damages asserted against Defendants Lange, Hobbs, Leas, Meyer, Hamilton, Cooper, Whalen, and Brecheisen in their official capacity be dismissed.

H.    Unserved Defendants

Plaintiff initiated the present action on October 10, 2007, against the Defendants identified herein, as well as "Rn. Turner" and "John and Jane Does." On December 14, 2007, the Court directed that Plaintiff's complaint be served on Defendants. Service was subsequently effected on all the Defendants except Unknown Turner and Unknown John and Jane Does. The attempt to serve Unknown Turner and Unknown John and Jane Does were rejected on April 14, 2008, and April 10, 2008, respectively. (Dkt. #29-30). While more than nine months has passed since the attempts to serve

Unknown Turner and Unknown John and Jane Does was rejected, Plaintiff has failed to request an extension of time to effect service on these Defendants or otherwise request the Court's assistance in effective service.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint."  The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant."  If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted).  Considering Plaintiff's lack of diligence in this matter, the Court recommends that Plaintiff's claims against Defendants Unknown Turner and Unknown John and Jane Does be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendants Correctional Medical Services, Inc.; George Kuzma, M.D.; Sarah Hope Heebsh, P.A.; Jason Y. Kim, M.D.; and Daniel Spitters, P.A.'s Motion to Dismiss Pursuant to Fed. R. Civ. 12(b)(6)</u>, (dkt. #41), be **granted in part and denied in part**.  Specifically, the Court recommends that: (1) Defendant CMS' motion to dismiss be granted; (2) Defendant Kuzma's motion to dismiss be denied; (3) Defendant Heebsh's motion to dismiss be granted in part and denied in part, in that Plaintiff's claims against her be dismissed except for the claim that Heebsh failed to properly treat Plaintiff's "extreme back pain and discomfort, head

-24-

aches, and dizzy spells;" (4) Defendant Kim's motion to dismiss be granted in part and denied in part, in that Plaintiff's claims against him be dismissed except for the claim that Defendant failed to provide appropriate medical testing to treat Plaintiff's "chronic and persistent back pain. . .headaches, dizzy spells and many other neurological problems;" and (5) Defendant Spitter's motion to dismiss be granted in part and denied in part, in that Plaintiff's claims against him be dismissed except for the claims that Defendant failed to make any attempt to "find the cause" of his back pain and failed to provide appropriate medical testing to treat Plaintiff's "chronic and persistent back pain. . .headaches, dizzy spells and many other neurological problems."

The Court also recommends that <u>Defendants MDOC, Lange, Hobbs, Leas, Meyer, Hamilton, Cooper, Whalen, and Brecheisen's Motion for Summary Judgment</u>, (dkt. #51), be **granted in part and denied in part**. Specifically, the Court recommends that: (1) Plaintiff's claims against the MDOC be dismissed; (2) Defendant Hobbs' motion for summary judgment be denied; (3) Defendant Brecheisen's motion for summary judgment be denied, but that Plaintiff's claims against him be dismissed for failure to state a claim; (4) Defendants Leas, Meyer, and Cooper's motion for summary judgment be denied, but that they be dismissed without prejudice from this action; (5) Defendant Lange, Whalen, and Hamilton's motion for summary judgment be granted; and (6) Plaintiff's claims for monetary damages asserted against Defendants Hobbs, Brecheisen, Lange, Whalen, Leas, Meyer, Cooper, and Hamilton in their official capacity be dismissed.

The Court further recommends that Plaintiff's claims against Defendants Unknown Turner and Unknown John and Jane Does be dismissed without prejudice for failure to timely effect service.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  January 23, 2009

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge