UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GLENN HEGGIE, | Case No. 1:07-cv-1024 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Carmody |
| GEORGE KUZMA, in individual & official capacities, UNKNOWN HEEBSH, in individual & official capacities, UNKNOWN HOBBS, in individual & official capacities, JASON Y. KIM, in individual & official capacities, UNKNOWN SPITTERS, individual & official capacities, | |
| Defendants. | |

**<u>Opinion and Order</u>**
*" Heggie 3 "*

**Adopting the Third R&R over Plaintiff's Objections;
Granting the Motion for Summary Judgment of Defendants Kuzma, Heebsh, Kim and Spitters;
Granting the Motion for Summary Judgment of Defendant Hobbs;
Entering Final Judgment in Favor of All Defendants;
Terminating and Closing the Case**

According to the complaint, plaintiff Glenn Heggie ("Heggie") arrived at the Michigan Department of Corrections ("MDOC") Receiving and Guidance Center on March 1, 2006, and informed medical personnel that he had begun to suffer seizures "in the last several months", whereupon they assigned him to a ground-level bunk and told him to also request a ground-level bunk when he was transferred to another facility. On April 5, 2006, Heggie was transferred to the Lakeland Correctional Facility ("LCF"); defendant Hobbs examined Heggie and honored his request

for a bottom bunk due to his reported seizures, but the next day Heggie was moved to a different unit and assigned a top bunk. Heggie complained to defendant Brecheisen, who called LCF Health Services several times over several days and received no meaningful response.

Heggie remained sleeping in a top bunk, and on May 20, 2006, he suffered a seizure and fell out of bed, injuring his head, neck and back. Heggie was X-rayed and examined by defendants Hobbs and Sarah Hope Heebsh, P.A. ("PA Heebsh"). Heebsh observed that Heggie's pupils were extremely dilated, which she took to be a sign of head trauma, and she promised to order an MRI (magnetic resonance imaging) scan, but instead ordered only chest X-rays. For about a month, Heggie complained to LCF staff, including George Kuzma, M.D. ("Dr. Kuzma"), Hobbs, PA Heebsh, and Leas, that he was experiencing severe back pain, headaches and dizzy spells, but they refused to provide further examinations or tests. On an unspecified date during this period, Heggie took a urine test which revealed blood in the urine, which Dr. Kuzma told him could have resulted from injuries suffered in the May 20, 2006 fall out of the top bunk.

In June 2006, Heggie was transferred to the Muskegon Correctional Facility ("MCF"), immediately told the MCF Health Service – including Hamilton, Cooper, Meyer, Jason Y. Kim, M.D. ("Dr. Kim"), and Physician's Assistant Daniel Spitters ("PA Spitters") – that he had persistent chronic back pain, headaches, dizzy spells, and other neurological problems that sometimes caused him to forget who and where he was, but they refused to provide any medical tests or pain treatment.

In October 2007, Heggie sued the Michigan Department of Corrections ("MDOC"), Correctional Medical Services ("CMS"), and numerous employees thereof (collectively "the CMS defendants"), contending that their refusal to provide appropriate medical treatment for his known serious conditions violated his Eighth Amendment to be free of cruel and unusual punishment.

Defendants CMS, Dr. Kuzma, Dr. Kim, PA Heebsh, and PA Spitters moved for summary judgment on the ground that Heggie failed to exhaust his administrative remedies on his claims against them.

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), the matter was automatically referred to United States Magistrate Judge Ellen S. Carmody, who issued her Report and Recommendation ("the first R&R") in November 2008. In December 2008, defendants CMS, Dr. Kuzma, Dr. Kim, PA Heebsh, and PA Spitters timely filed objections to the first R&R.

By opinion issued in January 2009, this court sustained the defendants' objections to the first R&R in part and overruled them in part. Namely, the court agreed with the Magistrate Judge that failure to exhaust administrative remedies was not a basis for preventing Heggie from pursuing his claim that the moving defendants failed to provide him with necessary medical care from May 20 through June 20, 2006. *See Heggie v. MDOC & CMS et al.*, 2009 WL 36612, *2-5 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) ("*Heggie* I"). The court remanded to the Magistrate Judge, however, for consideration of the defendants' FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted as to the merits of his Eighth Amendment / 42 U.S.C. § 1983 and Americans with Disabilities Act ("ADA") claims. *Heggie I*, 2009 WL 36612 at *6.

**On January 23, 2009, the Magistrate Judge issued the second R&R in this case, recommending that the court grant in part and deny in part the motion to dismiss filed by the CMS defendants, and grant in part and deny in part the motion for summary judgment filed by the MDOC defendants.** Heggie made clear that he "does not object to the entire R&R but more specifically" only the recommendations regarding four individual defendants (Heebsh, Kim & Spitters, and Brecheisen). *See* Heggie's Objections to Second R&R ("P's Objections") at 1 ¶ 4.

**This court overruled both Heggie's objections and the CMS Defendants' objections to**

3

the second R&R. The court adopted the second R&R, granting in part and denying in part the CMS Defendants' Motion to Dismiss and the MDOC Defendants' Motion for Summary Judgment. The result was dismissal of all defendants except Kuzma, Heebsh, Kim, Spitters and Hobbs. *See Heggie v. Kuzma et al.*, No. 1:2007-cv-1024 Doc. 101, 2009 WL 594908 (W.D. Mich. Mar. 6, 2009) (Maloney, C.J.) ("*Heggie 2*").

In *Heggie 2*, this court held as follows with regard to MDOC employee Dr. Kuzma, M.D.'s Rule 12(b)(6) motion to dismiss for failure to state a claim:

> Heggie *has* stated an Eighth Amendment cruel-and-unusual-punishment claim on which relief could be granted against MDOC employee Dr. Kuzma, M.D. The Magistrate properly applied the two-prong test which applies to a prisoner's claim that a prison employee violated his Eighth Amendment rights by exhibiting deliberate indifference to the prisoner's serious medical needs. *See* R&R at 7-8. The Magistrate assumed *arguendo*, as does this court, that Heggie satisfies the first prong, which requires an objective showing that the denial of medical care posed a substantial risk of serious harm. *See* R&R at 8; *see also Perez v. Oakland Cty.*, 466 F.3d 416, 423-24 (6th Cir. 2006) (Cudahy, J., with Griffin & Moore, JJ., concurring separately in pertinent part, and Moore, J., dissenting in part on other grounds) (discussing objective prong and defining when a medical need is "serious") (citations omitted).
>
> This court also agrees that Heggie satisfies the second prong, which requires a showing that Dr. Kuzma actually subjectively knew that Heggie faced a substantial risk of serious harm if not given proper medical treatment and disregarded that risk by failing to take reasonable measures to ameliorate it. *See* R&R at 8.[1] The Magistrate was careful to note that mere negligence by Dr. Kuzma is not actionable under the Eighth Amendment, R&R at 8. *See also Baker v. Vanderark*, 2008 WL

---

[1] *Contrast Hoye v. Nelson*, 2009 WL 81115, *2 (W.D. Mich. Jan. 8, 2009) (Maloney, C.J.) (granting summary judgment to defendant Tudor on § 1983 Eighth Amendment claim) ("Plaintiff has failed to create any genuine issue of material fact on the subjective prong of the test for deliberate indifference to medical needs. * * * Consistent with [defendant] Tudor's affidavit, nothing in Plaintiff's prison medical file indicates any restriction on his ability to bend, twist, walk, stand, or perform overhead work. Plaintiff may indeed have a bad back, [but] that alone is insufficient to create a genuine issue of material fact with regard to whether Defendant Tudor knew of or disregarded, or could infer, an excessive risk to Plaintiff's health.") (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

> 2788528, *7 (W.D. Mich. July 17, 2008) (Maloney, J.) ("[T]o the extent that Plaintiff merely disagrees with the treatment he received, or asserts that he received negligent care, Defendants are entitled to summary judgment.") (citing, *inter alia*, *Perez.*, 466 F.3d at 423); *see, e.g., Thomas v. Webb*, 39 F. App'x 255 (6th Cir. 2002) (Boggs, Batchelder, D.J. Steeh) (where prisoner's kidney stone was treated with pain relieving and calcium-reducing drugs, his claim that he should have been prescribed stronger medications for the kidney stone and for his stress disorder, sounded merely in negligence).
>
> But the Magistrate correctly suggested that this record would enable a reasonable jury to find that Kuzma was deliberately indifferent to Heggie's known serious medical needs. *See* R&R at 9. This is so because Heggie need not prove that Kuzma "acted or failed to act believing that harm would actually befall [Heggie] . . . ; it is enough [for Heggie to show] that [Kuzma] acted or failed to act despite his knowledge of a substantial risk of serious harm." *LeMarbe v. Wisneski*, 266 F.3d 429, 436 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 842).
>
> The record would also support, but *not* compel, the contrary finding, i.e., that Kuzma was *not* deliberately indifferent to Heggie's known serious medical needs. If this court were to declare as a matter of law that Kuzma was *not* deliberately indifferent to Heggie's known serious medical needs, it would contravene the rule that a court ruling on a Rule 12(b)(6) motion must read a *pro se* complaint indulgently, *Riley v. Fritz*, 2009 WL 395785, *1 (W.D. Mich. Feb. 13, 2009) (Maloney, C.J.) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), and "must . . . accept Plaintiff's allegations are true, unless they are clearly irrational or wholly incredible," *Riley*, 2009 WL 395785 at *1 (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).
>
> A reasonable jury might find that Heggie's case against Kuzma is weak, but Heggie has alleged enough to raise his right to relief against Kuzma "'above the speculative level'" rather than merely creating the "'suspicion of a cognizable cause of action.'" *Rishell v. Standard Life Ins. Co.*, 2009 WL 395884, *3 (W.D. Mich. Feb. 13, 2009) (Maloney, C.J.) (quoting *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Twombley*, 550 U.S. at __, 127 S.Ct. at 1974))) (footnote 3 omitted).

*Heggie 2*, 2009 WL 594908 at *3.


**In *Heggie 2*, this court held as follows with regard to defendant P.A. Heebsh's Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted:**

> Heggie objects to the recommendation that the complaint be dismissed as to defendant Heebsh as to her decision to order X-rays instead of the MRI that she

allegedly promised Heggie. *See* Heggie's Objections at unnumbered pages 2-3. The Magistrate correctly suggested that Heggie has stated merely a disagreement with Heebsh's decision about the type of treatment, which sounds in negligence and medical malpractice instead of an Eighth Amendment Cruel and Unusual Punishment claim. *See* R&R at 10-11.

Heggie speculates that perhaps Heebsh "was confused [sic] and pos[s]ibly even ordered a[n] M.R.I. for another inmate who needed chest x-rays . . .", *see* Heggie's Objections at unnumbered page 2, but such an error would be mere negligence and not *deliberate* indifference. *See Howard v. Purkey*, 2008 WL 351208, *2 (E.D. Tenn. Feb. 6, 2008) ("Nurse Linda Brooks . . . dispensed him someone else's medications, which caused him to think he might have a heart attack. Actually, defendant Bullington is responsible for the mix-up since he was the one who gave out the medications. * * * These contentions state a colorable Eighth Amendment] claim against defendant Nurse Brooks, but not against defendant Bullington, since all that is claimed on his part is, in essence, medical malpractice.") (citing *Estelle*, 429 U.S. at 104 and 106); *Rumsey v. MDOC*, 327 F. Supp.2d 767, 777 (E.D. Mich. 2004) (granting summary judgment to defendants on § 1983 Eighth Amendment and other claims; "The allegations surrounding the alleged mix-up of Plaintiff's prescriptions . . . shows [sic] nothing more than negligence, if that.").

*Heggie 2*, 2009 WL 594908 at *4 (paragraph break added) (footnote omitted).

### *Heggie 2* stated the following with regard to defendants Dr. Kim and Physician's Assistant Spitters's Rule 12(b)(6) motion to dismiss for failure to state a claim:

[Heggie alleges that Dr. Kim and PA Spitters] knew the extent of his pain, knew that the course of treatment was largely ineffective, and refused to do anything about it. Heggie contends,

Plaintiff . . . was forced to suffer extreme nerve pain in the lumbar area of his back for well over a year[']s time, during which the Plaintiff sent several health care kites [notes] requesting treatment and or relief, in all Defendants Kim and Spitters neglected and or denied to [provide the plaintiff with any relief from such pain . . . demonstrat[ing] deliberate indifference to 'serious' medical needs.

Heggie's Objections at unnumbered pages 3-4 (citing *Hathaway v. Coughlin*, 37 F.3d 63 (2d Cir. 1995) for the proposition that when a prisoner repeatedly complains of severe pain, defendant physicians' frequent examinations of the prisoner did not preclude a finding of deliberate indifference, because the physicians knew that the

6

existing treatment was largely not working but refused to do anything more to try to improve his situation, and *Borretti v. Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir. 1991) for the proposition that a prisoner who suffers pain needlessly when relief is readily available may have a cause of action against those whose deliberate indifference is the cause of his continued suffering).

The R&R correctly noted that unlike some of Heggie's other claims – such as the claim that PA Spitters made *no* attempt to ascertain the cause of his persistent back pain – his claim that Dr. Kim and PA Spitters is not that they did not render or recommend *any* treatment, but merely that the treatment they rendered or recommended was ineffective and they should have taken additional or different action to remedy his conditions. R&R at 12. The Magistrate's conclusion is consistent with the principle that

> "differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim." *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). The Sixth Circuit distinguishes between "cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment."

*Cox v. CMS*, 2007 WL 2873208, *4 (E.D. Mich. Feb. 20, 2007) (Charles Binder, M.J.) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)), *R&R adopted in pertinent part*, 2007 WL 287059 (E.D. Mich. Sept. 26, 2007) (David Lawson, D.J.).

Where, as with Heggie's treatment by Dr. Kim and PA Spitters, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are properly reluctant to second-guess medical judgments and to constitutionalize claims which sound in state tort law." *Cox*, 2007 WL 2873208 at *4 (citing *Westlake*, 537 F.2d at 860 n.5, and *Jones v. Martin*, 5 F. App'x 434 (6th Cir. 2001)).

With the exception noted by the R&R, Heggie has not provided enough for a reasonable factfinder to find that Dr. Kim or PA Spitters's provision/recommendation of allegedly inadequate treatment evinced a subjective disregard of a known substantial risk of serious harm. *Cf. Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007) (Richard Allen Griffin, J.) (despite prisoner's complaint that there was no documentation proving that Nurse Shubnell cleaned an infected area of his foot or "took the vital signs to assess if there [wa]s a systemic infection at that point", the care was not so grossly inadequate that the court would depart from the rule that differences about the nature and extent of treatment, rather than a complete denial of treatment, generally do not constitute an Eighth

7

Amendment deliberate-indifference violation, and there was no genuine issue as to whether the nurse inferred that a very small (3 millimeter) red area at the base of one toe posed a substantial risk of serious harm if she did not provide or request more examination or treatment).

*Heggie 2*, 2009 WL 594908 at *4-5.[2]

---

[2]

**Heggie did not object to the portions of the second R&R suggesting the following:**

– any ADA claims against the CMS defendants fail to state a claim on which relief can be granted, *see* 2d R&R at 13-14;

– MDOC must be dismissed because it is not a "person" under 42 U.S.C. § 1983 and because it has Eleventh Amendment immunity, *see* 2d R&R at 14-15;

– defendants Lange and Whalen are entitled to summary judgment because Heggie's complaint does not allege facts which could establish their personal involvement in the events giving rise to this action, *see* 2d R&R at 18-19;

– defendants Leas, Meyer and Cooper should be dismissed without prejudice due to Heggie's expression of willingness to drop those claims, *see* 2d R&R at 19-20;

– defendant Hamilton is entitled to summary judgment because Heggie's complaint does not allege facts which could establish her personal involvement in the events giving rise to this action, *see* 2d R&R at 21-22;

– 11th Amendment immunity bars Heggie's claims for monetary relief (money damages) from any MDOC defendants in an official capacity, *see* 2d R&R at 22-23;

– putative defendants "Unknown Turner" and "Unknown John and Jane Does" must be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m) for failure to effect service of process, *see* 2d R&R at 23-24.

Accordingly, the court adopted those portions of the second R&R, favorable to various defendants, without discussion. *See Heggie 2*, 594908 at *7.

**Conversely, the defendants did not object to the second R&R's recommendation that** the claims against defendant Hobbs survive summary judgment, *see* 2d R&R at 15-16. Accordingly, the court adopted that portion of the second R&R, favorable to plaintiff Heggie, without discussion. *See Heggie 2*, 2009 WL 594908 at *7-.

In sum, *Heggie 2* left the following claims and parties in the case:

– **As to defendant Dr. Kuzma, M.D.**, Heggie's entire claim survived.

– **As to defendant Hobbs**, Heggie's entire claim survived.

– **As to defendant P.A. Heebsh**, only the claim that Heebsh failed to properly treat plaintiff's "extreme back pain and discomfort, headaches, and dizzy spells."

– **As to defendant Dr. Kim**, only the claim Kim failed to conduct appropriate medical tests and treatment for "Plaintiff's chronic back pain . . . headaches, dizzy spells, and many other neurological problems."

– **As to defendant Spitters,** only the claim that Spitters failed to make any attempt to find the cause of his back pain and failed to provide appropriate medical tests and treatment for "Plaintiff's chronic back pain . . . headaches, dizzy spells, and many other neurological problems."

*Heggie 2*, 2009 WL 594908 at *7-8.

In October 2009, four defendants (Dr. George Kuzma M.D., Dr. Jason Kim M.D., P.A. Spitters, and P.A. Heebsh) filed a motion for summary judgment, and defendant Hobbs filed a renewed motion for summary judgment, *see* Docs 129 and 131. Heggie filed opposition briefs in November 2009 and the defendants filed reply briefs in December 2009, *see* Docs 136-140. Magistrate Judge Carmody issued this case's third R&R on March 10, 2010, *see* Doc 143, and Heggie timely filed a document entitled "Objections" on March 24, 2010, *see* Doc 145.[3] The court finds that a response from the defendants is unnecessary under the circumstances.

---

[3]

Under Federal Rule of Civil Procedure 6 and W.D. Mich. Local Civil Rule 72, Heggie had fourteen calendar days to file objections, and the fourteen days did not start running until the day after he actually received the R&R in the mail. Heggie filed his "objections" document fourteen calendar days after the R&R issued.

9

Plaintiff Heggie's purported objection is conclusory, vague, and points to no particular item of evidence (such as a particular medical record). Heggie begins his objection document as follows:

Background

\* \* \*

[U]pon plaintiff arriving at the Lakeland Correctional Facility (LCF) he informed defendant Hobbs that he needed to be placed on a bottom bunk, because he the plaintiff [sic] suffers from a seizure disorder and that such treatment had been prescribed by a doctor.

Defendant Hobbs provided the plaintiff with the bottom bunk, however [he] did not provide the plaintiff with a written detail which would inform custody staff to keep the plaintiff on a bottom bunk. The day after the plaintiff arrived at (LCF) he was forced to move to a different housing unit, and because he did not have the written detail [he] was forced to be placed on a top bunk.

On May 20, 2006, plaintiff who was still being housed in the top bunk had a seizure, which during this seizure the plaintiff fell out of the top bunk and sustained injuries to his head, neck and back.

For the next year to year and a half, plaintiff complained to to [sic] defendant(s) Kuzma, Heebsh, Kim, Spitters, and Hobbs, that he was suffering from extreme back pain pain [sic], headaches, dizzy spells, and many other neurological problems that to the extent that plaintiff would sometime[s] lose control of his bowel movements and sometimes forgot who and where he was.

These defendants[,] having known the extent of the plaintiff[']s pain and suffering[,] refused and or neglected to provide the plaintiff with any effective relief from his pain and suffering, forcing him to suffer needlessly when relief was readily available.

These defendant knew thr[ough] plaintiff[']s complain[t]s that the course of treatment was largely ineffective to the plaintiff[']s serious medical needs and these defendant[s] refused to do anything about it.

P's Objection to Third R&R at 1-2. The entirety of Heggie's actual "legal" objection to the third R&R reads as follows:

It would appear to the plaintiff that the reason why the magistrate judge believes the plaintiff[']s actions [sic] should be dismissed is because the plaintiff has not provided any evidence to support his claims.

Plaintiff in this case is obviously not a lawyer, plaintiff who suffers from many

10

learning disabilities is well aware that sometimes his actions and words can be confusing, so far plaintiff has proceeded with this action with the best of his understanding of the litigation procedure and understanding of the law, which plaintiff is well aware this court knows very well.

Within the defendants['] motions they have provided this court with bits and pieces of the plaintiff's medical file, specifically bits and pieces that make them look and sound good, even so it is not a complete record and even that does not mean that the information which is in the file is true and correct, but rather the information in which [sic] the defendants choose to add, without giving much thought or mention of the plaintiff[']s obvious serious medical needs.

The plaintiff is well aware that even a statement like that might confuse this court, but is it to[o] much to believe that these individuals are taught and encouraged to do such only to create more profits for the corporation they work for[?]

Within the plaintiff[']s original complaint (Dkt #1) he stated that the defendants might have distorted and manipulated his medical file.

Also within plaintiff[']s original complaint he provide[d] this court with almost one hundred health care kites which he would like this court to review before making its final order, within plaintiff[']s health care kites plaintiff again and again complains to these defendants that he is suffering from extreme back pain, and numerous neurological problems which to the extent plaintiff would sometimes lose control of his bowel movements and sometimes forget who and where he was, keeping in mind that this plaintiff is currently only twenty-six years old, no jury in th[eir] right mind would ever think the plaintiff did not have a serious medical need, nor can the plaintiff believe that these defendants will stop doing harm especially if this court does not hold them accountable for th[eir] actions.

Plaintiff does not believe that the magistrate judge looked at any of the prisoner health care kites that he submitted with his original complaint, but rather only looked at the bits and pieces of the medical file that the defendants provided.

If the magistrate would have looked at all of the plaintiff[']s health care kites and compared it to the bits and pieces of the medical file the defendants provided, she would have found several discrepancies in the defendants['] story.

The defendants again and again have tried to minimize, distort, and manipulate th[eir] actions, however plaintiffs health care kites tell a totally different story[;] if the plaintiff did not have a serious medical need, then why would he make so many specific complaints and at times even question why these defendants are not helping him?

11

> Plaintiff has learning disability, and really needs this court to take its time to consider all of the facts, by doing so plaintiff believes this court will understand completely what he is and has been saying and agree plaintiff is entitled to relief.
>
> Plaintiff thr[ough] his health care kite and witness[e]s, has enough evidence to form a belief in any reasonable jury's mind that he is entitled to relief.
>
> Finally, to sum up the plaintiff[']s arguments, if this court adopted the R&R it would only co[ntra]dict it[s] previous findings. *See* Dkt 101.

P's Objection to Third R&R at 2-4. This does not constitute an "objection" as our Circuit's courts have construed the term, so it does not suffice to trigger *de novo* review of the third R&R.

**First, Heggie insinuates that these defendants, or perhaps other MDOC or CMS personnel , have destroyed or altered his medical records** to cast themselves in a better light for purposes of this lawsuit. Yet he offers no particular experience, statement, or recollection which explains why he harbors this suspicion, let alone why the court should reject the R&R because of it. For example, Heggie does not point to any particular medical record introduced or cited by the defendants and explains how it contradicts other medical records or with his own recollection of his symptoms, communication with prison and medical staff, and treatment. When a party challenges an R&R, it is not enough to merely refer the court to previously filed documents or previously made arguments. *Accord Zolondek v. Worldwide Flight Servs., Inc.*, 2007 WL 680778, *1 (E.D.N.Y. Mar. 2, 2007) ("[R]eferring the court to previously filed papers or arguments, without more, is a procedural default.") (citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 767 (2d Cir. 2002) ("merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . FED. R. CIV. P. 72(b)."), *recon. denied*, 2007 WL 2177047 (E.D.N.Y. July 27, 2007). This is true even when the objecting party is proceeding *pro se*, is incarcerated, or both. Although the court is obligated to "give indulgent treatment to the 'inartfully pleaded' allegations

[and arguments] of *pro se* litigants," *Pasley v. Conerly*, 345 F. App'x 981, 896 (6th Cir. 2009) (Boggs, Rogers, White) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), "the lenient treatment generally accorded to *pro se* litigants has limits." *Geboy v. Brigano*, 489 F.3d 752, 766 (6th Cir. 2007) (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). Even *pro se* or incarcerated status cannot excuse the *complete* failure to identify even one specific document which undermines the Magistrate's reasoning (and explaining how it putatively undermines that reasoning, whether by contradicting some medical record presented in the defendants' summary-judgment motions or otherwise).

**Second, Heggie charges that the Magistrate Judge did not review the 100 healthcare "kites" (notes given to prison staff) but rather only looked at the "bits and pieces of the medical file" that the defendants provided.** Heggie predicts that if this court reviewed all those kites, it would surely conclude that there is a genuine issue of material fact for a jury as to the elements of his claim. Yet as the Magistrate noted, Heggie did not introduce any records whatsoever, medical or otherwise, in opposition to these defendants' motions for summary judgment. Having failed to present such records to the Magistrate Judge while she was considering the summary-judgment motions, Heggie may not present them now. "The Magistrates Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'" *Jones-Bey v. Caruso*, 2009 WL 3644801, *3 (W.D. Mich. Oct. 30, 2009) (quoting *Greenhow v. US*, 863 F.2d 633, 638-39 (9th Cir. 1988), *rev'd on other grounds sub nom. US v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (*en banc*)). Moreover, "'[i]f the Court were to consider these untimely arguments, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Recommended Ruling has issued to advance

13

additional arguments.'" *Kita v. SSA*, 2009 WL 1464252, *2 (W.D. Mich. May 18, 2009) (quoting *Burden v. Astrue*, 588 F. Supp.2d 269, 279 (D. Conn. 2008) ("Regarding Burden's new argument that her headaches are debilitating because they would lead to an unacceptable number of absences for any employment for which she is qualified, this argument is waived because Burden never raised it prior to her Objection to the [R&R].")). In short, as Judge Lawson aptly put it, "'A magistrate's decision should not be disturbed on the basis of arguments [or evidence] not presented to him.'" *Hammond v. Dep't of Veterans Affairs*, 2009 WL 2382539, *5 (E.D. Mich. July 30, 2009) (quoting *Jesselson v. Outlet Assocs. of Williamsburg,* 784 F. Supp. 1223, 1228 (E.D. Va. 1991)).

**Nor has Heggie even attempted to present any medical records now, let alone show *specifically* how they undermine the defendants' summary-judgment arguments or the Magistrate Judge's reasoning or her recommended findings and conclusions.** Heggie asserts that "plaintiff[']s health care kites [none of which was filed with his summary-judgment brief or with the instant objections] tell a totally different story," Objections at 3, yet he never proceeds to *tell* that story with citation to, or quotation of, any of those kites or any of the underlying or resultant medical records.

This is fatal to Heggie's purported objections, because "'[o]nly those objections that are specific are entitled to a *de novo* review under the statute.'" *Smith v. Palmer*, 2010 WL 233858, *1 n.1 (W.D. Mich. Jan. 13, 2010) (Maloney, C.J.) (quoting *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (no *de novo* review where the objections are frivolous, conclusory or too general because the burden is on the parties to "pinpoint those portions of the Magistrate's report that the district court must specifically consider")) (other citation omitted). *See, e.g., Fairfield v. Wacha*, 2008 WL 584940, *2 (W.D. Mich. Feb. 28, 2008) ("Fairfield's objection does not cite any case law or any

Constitutional, statutory or regulatory provisions, and he does not attempt to *substantively* address any of the Magistrate Judge's legal reasoning or conclusions. [T]hese failings render Fairfield's purported objection the same as no objection at all.") (citing, *Wallace v. Adams*, 51 F.3d 274, 1995 WL 141385 (6th Cir. Mar. 24, 1995) (p.c.) and *Bates v. Chapleau*, 37 F.3d 1498, 1994 WL 532937 (6th Cir. Sept. 30, 1994) (p.c.)).

**Accordingly, the court will adopt the third R&R without review and dismiss the remainder of the complaint.** *See Nia v. Smith*, 2010 WL 424983, *2 (N.D. Ohio Jan. 26, 2010) (Ann Aldrich, J.) ( "The balance of Nia's arguments are merely restatements of arguments that he made before the magistrate judge. Such general and conclusory objections are functionally the same as filing no objections at all.") (citing *Miller v. Currie* 50 F.3d 373 (6th Cir. 1995) and *Howard v. HHS*, 932, F.2d 505l, 508-509 (6th Cir. 1991)).

**ORDER**

The plaintiffs' objections to the R&R **[document # 145] are OVERRULED**.

The R&R dated March 10, 2010 **[document # 143] is ADOPTED**.

The summary-judgment motion of Kuzma, Heebsh, Kim & Spitters **[# 129] is GRANTED.**

The summary judgment motion of defendant Hobbs **[document # 131] is GRANTED.**

This case is **TERMINATED and CLOSED**.

The separate judgment required by FED. R. CIV. P. 58 shall issue contemporaneously.

This is a final order.

**IT IS SO ORDERED this 1st day of April, 2010.**

                                                      /s/ Paul L. Maloney
                                                      Honorable Paul L. Maloney
                                                      Chief United States District Judge